Richard S. Busch (TN Bar No. 014594 (*pro hac vice*)
rbusch@kingballow.com
KING & BALLOW
315 Union Street; Suite 1100
Nashville, TN  37201
(615)259-3456 Facsimile: (615)726-5417

Paul H. Duvall (State Bar No.  73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue; Suite 340
La Jolla, CA  92037
(858)597-6000 Facsimile:  (858)597-6008

Mark L. Block (State Bar No. 115457)
mblock@chrisglase.com
CHRISTENSEN, GLASER, FINK JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000   Facsimile: (310) 556-2920

Attorneys for Plaintiffs F.B.T. Productions, LLC and Em2M, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | | |
|---|---|---|
| **F.B.T. PRODUCTIONS, LLC, et al.,**<br><br>        **Plaintiffs,**<br>**v.**<br><br>**AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT, et al.,**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case: 5:08-mc-80040-RMW (PVT)**<br><br>**[Related to Case: CV 07-03314 PSG (MANx)]**<br><br>**OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO QUASH "APEX" DEPOSITION SUBPOENA**<br><br>**[Objections to Evidence; Declaration of Eugene R. Long, Jr.; and Exhibits filed concurrently herewith]** |

| | |
|---|---|
| 1 | ) **DISCOVERY MATTER** |
| 2 | ) |
| 3 | ) **JURY DEMAND** |
|  | ) |
| 4 | ) **Date: April 29, 2008** |
|  | ) **Time: 10:00 a.m.** |
| 5 | ) **Courtroom: 5** |
| 6 | ) **Hon. Patricia Trumbull** |

7 ///

8 ///

9 ///

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

1

# **TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES ................................................................................................ iv

3  I.    INTRODUCTION ...................................................................................................1

4  II.   THE JOBS ESSAY ..................................................................................................3

5  III.  LEGAL ARGUMENT ............................................................................................5

6       A.    A party may obtain discovery of any nonprivileged information that is
              within the scope of discovery...........................................................................5
7
        B.    The Jobs deposition subpoena should not be quashed because the
8             "apex" doctrine does not shield him from being deposed in this
              matter. ...............................................................................................................5
9
              1.    Steve Jobs has unique non-repetitive knowledge that is relevant
10                  to this matter. .......................................................................................6

11            2.    There are no other less intrusive methods of obtaining this
                    information. ...........................................................................................8
12
              3.    There is no harassment intended by the deposition subpoena. ................9
13
     IV.  CONCLUSION .......................................................................................................9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

*Celerity v. Ultra Clean Holding, Inc* 2007 U.S. Dist. 8295 (N.D. Cal. 2007) ....................................8

4

*Grateful Dead Productions v. Sagan*, 2007 U.S. Dist. Lexis 56810 (N.D. Cal. 2007)......................8

5

*People ex rel. Lockyear v. R.J. Reyolds Tobacco Co.,* 107 Cal. App. 4th 516 (2003) ........................6

6

*Thomas v. IBM*, 48 F.3d 478, (10th Cir. 1995) ....................................................................................7

7

*Webside Story v. NetRatings Inc.*, 2007 U.S. Dist. Lexis 20481 (S.D. Cal. 2007) ...........................6

8

<u>Statutes</u>

9

California Civil Code section 1638..................................................................................................7

10

California Civil Code section 1639..................................................................................................7

11

Fed. R. Civ. Pro 26(b)(1) ................................................................................................................5

12

Fed. R. Civ. Pro. 30(a)(1).................................................................................................................5

13

Fed. R. Civ. Pro. 33..........................................................................................................................8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH SUBPOENA FOR DEPOSITION

## I.  INTRODUCTION

Plaintiffs F.B.T. Productions, LLC ("F.B.T.") and Em2M, LLC ("Em2M") (collectively, "Plaintiffs")[1] hereby file this opposition to non-party Steve Jobs' ("Mr. Jobs") motion for a protective order to quash the subpoena for deposition that Plaintiffs served upon him.  Plaintiffs respectfully request that the court deny Mr. Jobs' motion for protective order and enter an order compelling Mr. Jobs to appear at an agreeable date for his deposition.

This action involves claims against defendants Aftermath Records, UMG Recordings, Inc., ("UMG) PRI Productions, Interscope Records, and ARY, Inc. (collectively, "defendants") that are at the forefront of the music industry (i.e., whether agreements between record companies and digital download companies are licenses or not), which are the subject of similar litigation other than this case.[2]  *Allman v. Sony BMG Music Entm't*, Case No. 1:06-cv-03252 (S.D.N.Y.).  In this action, the relevant provisions in the agreements between the plaintiffs and defendants (which are similar in other agreements between labels and their artists), provide, in paragraph 5(a)(ii) of

---

[1] Plaintiffs are the music production companies that discovered and signed  Marshall B. Mathers, professionally known as Eminem ("Eminem"), and contractually furnished Eminem's recording service to the Defendants.

[2] A true and correct copy of the First Amended Complain in the underlying action is attached to the Declaration of Eugene R. Long, Jr. as **Exhibit A**.

a 2003 Agreement[3] that on full-price records sold in the United States defendants will pay plaintiffs a 12% royalty (based upon the retail list price of the record) "for records other than LPs," while paragraph 5(c)(v)[4] of the relevant agreement provides that, "*[n]otwithstanding the foregoing*," a 50% royalty rate (based on the record companies net receipts) applies to *masters licensed to others* "for their manufacture and sale of records or for any other uses." (Emphasis added). Thus, for any of Defendants' many digital agreements that constitutes a license, it is the position of Plaintiffs that the 50% royalty rate in 5(c)(v) of the 2003 Agreement applies *instead* of the lower 12% rate in 5(a)(ii). Plaintiffs contend this is in fact the case: Defendants' agreements with digital content providers are licenses, and the 50% rate must apply. Defendants, in contrast, argue that they merely have "resale" relationships with these entities that are analogous to their relationships with physical retailers and for this reason the lower royalty rate in 5(a)(ii) applies. They make this argument even though they sell nothing to Apple at all, and no title to any product changes hands (as it does with the sale of a physical record to a Best Buy or Tower Records), so Apple cannot be "reselling" anything.

Apple's itunes is, as is commonly known, the major vehicle for downloading music. Mr. Jobs himself executed the original agreement between the defendant UMG Recordings, Inc., and Apple. In February, 2007, Mr. Jobs authored an essay entitled

---

[3] Paragraph 4(a)(ii) in a predecessor 1998 Agreement .

[4] 4(c)(v) in the predecessor 1998 Agreement.

"Thoughts on Music" (hereinafter "the essay"). In that essay, as shown below, Mr. Jobs made several statements regarding the economic realities and structure of Apple's agreements with the major record labels, including defendant UMG herein.

Contrary to Mr. Jobs' motion, his position does not provide a complete shield against his being deposed in this matter. The views expressed in the essay represent a crucial admission by none other than the CEO of Apple of the economic realities and structure of its agreement with Defendant UMG and other record labels. There is absolutely no other way to gain the needed information and there is no underlying harassing motivation behind the subpoena. For these reasons, this Court should deny Mr. Jobs' motion to quash the subpoena for deposition.

## II. <u>THE JOBS ESSAY</u>

On February 6, 2007, Mr. Jobs authored and published an article entitled "Thoughts on Music," that appeared online at <u>www.apple.com/hotnews</u> <u>/thoughtsonmusic</u>. (Long Decl ¶ 3, **Ex. B**). Immediately beneath the title of the article, the name "Steve Jobs" appears, indicating to the world that Jobs was the author of the article. In that article, Mr. Jobs notes that Apple does not purchase anything from the major record labels, and repeatedly refers to the relationship as a license relationship, including:

- "Since Apple does not own or control any music itself, it must license the rights to distribute music from others, primarily the "big four" music

companies: Universal, Sony BMG, Warner, and EMI;" and

- "Apple has concluded that if it licenses FairPlay[5] to others, it can no longer guarantee to protect the music it licenses from the big four music companies."

It is important to note that Universal in this context refers to Defendant UMG, or Universal Music Group.

On March 3, 2008, Plaintiffs served Mr. Jobs with a notice of deposition for Mr. Jobs. (Long Decl ¶ 4, **Ex. C**). Mr. Jobs' counsel sent a meet and confer letter objecting to deposition on March 10, 2008. ((Long Decl ¶ 5, **Ex. D**). On March 13, 2008, Plaintiffs responded to that letter stating the reasons for the deposition and that the applicable law favored allowing the deposition to go forward. (Long Decl ¶ 6, **Ex. E**). Mr. Jobs filed his motion for protective order on March 24, 2008.

In support of the motion for protective order, Mr. Jobs includes a declaration from Kevin Saul, a Senior Director in Apple's Legal Department, but nothing from himself distancing or retracting, or even commenting on his essay and the relevant portions of it. Mr. Saul's declaration, without foundation, states that "Thoughts on Music in intended for a popular audience," and goes on to summarily conclude that, contrary to the clear language in the essay, was not meant to describe the structure of the agreements between UMG and Apple. (Declaration of Kevin Saul (Saul Decl.) ¶ 17). As explained in Plaintiffs' motion to strike this portion of Mr. Saul's Declaration,

---

[5] FairPlay is Apple's Digital Rights Management ("DRM") software.

it appears that Mr. Jobs is attempting to have in-house counsel testify for the person who was the author of the document (without litigation or its consequences in mind), and who has knowledge of what was meant by his document. Mr. Saul does not say he was involved with its drafting, or spoke to Mr. Jobs about what he meant, and is pure non-admissible hearsay. Even if that were not the case, Plaintiffs would still be entitled to question Mr. Jobs about his statements, what he took into account in making those statements and conclusions, and whether he believed he was telling the truth when he made such statements.

## III.    LEGAL ARGUMENT

### A.    A party may obtain discovery of any nonprivileged information that is within the scope of discovery.

Federal Rule of Civil Procedure 26(b)(1) states that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. Pro 26(b)(1). That section provides that broader discovery may be obtained in that the Court may order "discovery of any relevant matter. A party may take the deposition of any person, including a party, by deposition upon oral testimony. Fed. R. Civ. Pro. 30(a)(1). Mr. Jobs opposes the taking of his deposition based on the Apex doctrine.

### B.    The Jobs deposition subpoena should not be quashed because the "apex" doctrine does not shield him from being deposed in this matter.

The so-called "apex" doctrine applies to subpoenas for depositions directed at officers at the highest levels of a corporation. In *Webside Story v. NetRatings Inc.,* the Southern District of California stated that there were two prongs to the "apex" rule: 1) Whether or not the high-level deponent has unique, first-hand knowledge of the facts at issue, and 2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. *Webside Story v. NetRatings Inc.*, 2007 U.S. Dist. Lexis 20481 (S.D. Cal. 2007). In this case, both prongs of the test favor allowing the deposition to proceed. Furthermore, there is no, and there cannot be any harassing motivation behind the subpoena.

## 1. Steve Jobs has unique non-repetitive knowledge that is relevant to this matter.

The first prong of the "apex" doctrine test is whether the person has unique, first-hand knowledge. Mr. Jobs does not contest that he authored the essay, and that it is a discussion of his <u>personal</u> views on the current status of the industry. (Saul Decl. ¶ 16). In fact, it is more than that; it is a direct admission of the structure of the agreements between Apple and UMG, and the economic realities of the relationship. There is simply no other way to obtain such admission other than to question Mr. Jobs about his essay, and the statements made therein.

Mr. Jobs cites to *People ex rel Lockyear v. R.J. Reyolds Tobacco Co.* for the proposition that the language of a contract is to govern its interpretation. *People ex rel. Lockyear v. R.J. Reyolds Tobacco Co.,* 107 Cal. App. 4th 516 (2003), quoting

California Civil Code sections 1638 and 1639.   Mr. Jobs argues that as a result, the deposition subpoena seeks information outside the scope of discovery.   This point misses the mark.   The agreement between Apple and UMG is not entitled resale agreement, and, as Mr. Jobs' admits, Apple buys nothing from UMG.  They simply remit a royalty when an end user downloads a song, just as any licensee would do.  The agreement is complicated, and contains multiple restrictions and limitations (further indicative of a licensor-licensee relationship) on what can and cannot be done with the digital file supplied (but not sold) by UMG to Apple.   Mr. Jobs' public statement, outside the scope of any litigation, and without the consequences in mind, is the clearest indication of what Apple understands the agreement to be, and is a crucial admission in this action.   There is absolutely no substitute for questioning Mr. Jobs about it.

Mr. Jobs cites to the Tenth Circuit case of *Thomas v. IBM*, 48 F.3d 478, 483-4 (10th Cir. 1995).   In that case, the plaintiff, an employee of IBM sought to depose John Akers, the Chairman of IBM's board of directors.   IBM sought and was granted a protective order that was affirmed by the Tenth Circuit.   The Court first stated that the subpoena violated local procedural rules regarding notice.   The Court went on to discuss the apex doctrine and noted that IBM had submitted an affidavit from Akers stating that he had no specific knowledge regarding the matters at issue in the case.   In contrast, Mr. Jobs has not submitted a personal declaration with respect to his knowledge of the matters at issue in this lawsuit or the content of the essay.

1

2    **2.  There are no other less intrusive methods of obtaining this information.**

3        In *Celerity v. Ultra Clean Holding, Inc.,* the Northern District of California

4    discussed the "apex" rule where Ultra Clean sought to depose the CEO of Celerity.

5    *Celerity v. Ultra Clean Holding, Inc* 2007 U.S. Dist. 8295 (N.D. Cal. 2007).   The

6    court noted in that case that the "apex" rule is not an absolute bar to the deposition of

7    the CEO and that Ultra Clean could renew its notice of deposition after less intrusive

8

9    methods failed to provide the discovery being sought.

10        In this case, there are no less intrusive means of gaining the information.  First,

11    interrogatories cannot be used as Federal Rule of Civil Procedure 33(a)(1) limits

12

13    interrogatories to being served only on parties to the litigation.  Fed. R. Civ. Pro. 33.

14        As far as a deposition is concerned, this is Mr. Jobs' essay, and there simply is

15    no substitute to deposing Mr. Jobs, nor has he suggested that anyone else would be

16

17    able to testify about these admissions, which, of course, is the case, because it is Mr.

18    Jobs' document.

19

20        As this court discussed in *Grateful Dead Productions v. Sagan*, the "apex"

21    doctrine does not protect a corporate officer from testifying where "there is a factual

22

23    dispute as to whether the deponent has first-hand knowledge of relevant facts."

24    *Grateful Dead Productions v. Sagan*, 2007 U.S. Dist. Lexis 56810, at 7 (N.D. Cal.

25    2007).  In this case, Mr. Jobs has personal knowledge of the statements contained

26

27

28

within *his* essay.  The essay was personally authored by Mr. Jobs and as a result, there are no other less intrusive means of gaining this information.

**3.  There is no harassment intended by the deposition subpoena.**

Mr. Jobs claims that his deposition subpoena poses the potential for harassment. (Jobs' Motion, p. 8).  In the context of Apex depositions, harassment is often cited as a frequent, though improper, motive for deposing a high ranking corporate officer. There is concern that a party will use the deposition of a high-ranking corporate officer to force settlement of a case.  However, as both Mr. Jobs and Apple are not parties to this matter, this deposition could not serve any such purpose.  As explained above, the only purpose of deposing Mr. Jobs is to question him about his own crucial admissions that go to the heart and crux of this litigation.

## IV.   CONCLUSION

For the foregoing reasons, the motion of Mr. Jobs should be denied.

DATED:  April 16, 2008                    Respectfully submitted,


                                          KING & BALLOW


                                          _____/s/ Paul H. Duvall_____
                                          Richard S. Busch (TN Bar No. 014594)
                                          rbusch@kingballow.com
                                          Paul H. Duvall (State Bar No. 73699)
                                          pduvall@kingballow.com
                                          9404 Genesee Avenue, Suite 340
                                          La Jolla, CA 92037-1355
                                          Telephone:  (858) 597-6000
                                          Facsimile:   (838) 597-6008

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- and -

Mark Block (State Bar No. 115457)
mblock@chrisglase.com
Christensen, Glaser, Fink, Jacobs, Weil, &
Shapiro, LLP
10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067
Telephone:  (310) 282-6240
Facsimile:  (310) 556-2920

Attorneys for Plaintiffs

**Case No. C 08-80040 RMW (PVT)**
**[Related to Case No. CV 07-3314 PSG (MANx) (C.D.Cal.)]**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I, Sherie Johnson, declare:

I am a resident of the State of California and employed in the County of San Diego, State of California.  I am over the age of eighteen years, and not a party to the within action.  My business address is 9404 Genesee Avenue; Suite 340; La Jolla, CA 92037.  On April 16, 2008 I served a true copy of the document entitled **OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO QUASH "APEX" DEPOSITION SUBPOENA** by placing it in an overnight delivery envelope or package provided by an overnight delivery carrier and addressed as below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier on April 16, 2008:

| | | |
|---|---|---|
| Glenn D. Pomerantz, Esq. Kelly M. Klaus, Esq. Kimberly D. Encinas, Esq. MUNGER, TOLLES & OLSON LLP 355 South Grand Avenue Thirty-Fifth Floor Los Angeles, CA  90071 Attorneys for Defendants | Daniel S. Schecter, Esq. Colin B. Vandell, Esq. LATHAM & WATKINS 633 West Fifth Street; Suite 4000 Los Angeles, CA 90071 Attorneys for Non-Party Deponent Steve Jobs | George A. Riley, Esq. O'MELVENY & MYERS LLP 275 Battery Street; Suite 2600 San Francisco, CA 94111 Attorneys for Non-Party Deponent Steve Jobs |

I declare under penalty of perjury that the above is true and correct.

Executed on April 16, 2008 at La Jolla, California.


/s/ Sherie Johnson_____
Sherie Johnson

Richard S. Busch (TN Bar No. 014594) (*pro hac vice*)
rbusch@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456    Facsimile: (615) 726-5417

Paul H. Duvall (State Bar No. 73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue, Suite 340
La Jolla, CA 92037-1355
(858) 597-6000    Facsimile: (838) 597-6008

Mark L. Block (State Bar No. 115457)
mblock@chrisglase.com
Christensen, Glaser, Fink, Jacobs, Weil, & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000   Facsimile: (310) 556-2920

Attorneys for Plaintiffs F.B.T. Productions, LLC and Em2M, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **F.B.T. PRODUCTIONS, LLC, et al.,**<br><br>　　　**Plaintiffs,**<br>v.<br><br>**AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT, et al.,** | **Case: 5:08-mc-80040-RMW (PVT)**<br>**[Related to Case: CV 07-03314 PSG (MANx)]**<br><br>**[PROPOSED] ORDER DENYING STEVE JOBS' MOTION FOR A PROTECTIVE ORDER TO QUASH "APEX" DEPOSITION SUBPOENA** |

| Defendants. | ) | **Date:  April 29, 2008** |
|---|---|---|
| | ) | **Time:  10:00 a.m.** |
| | ) | **Courtroom: 5** |
| | ) | **Hon. Patricia Trumbull** |
| | ) | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS

ACTION:

PLEASE TAKE NOTICE on March 24, 2008, Steve Jobs ("Mr. Jobs") filed a

motion to quash the deposition subpoena served upon him by Plaintiffs F.B.T.

Productions, LLC and Em2M, LLC ("Plaintiffs") On April 29, 2007, the Court

heard oral argument on Mr. Jobs' motion from both Mr. Jobs and Plaintiffs, and

has ruled as follows:

1.  Mr. Jobs' motion for a protective order is denied in all parts.

2.  Mr. Jobs' shall have until May 6, 2008 to meet and confer with Plaintiffs

    regarding selecting mutually agreeable date, time and place for his

    deposition.

IT IS SO ORDERED.


Dated:_____                    _____

                                        Hon. Patricia Trumbull
                                        United States Magistrate Judge

**Case No. C 08-80040 RMW (PVT)**
**[Related to Case No. CV 07-3314 PSG (MANx) (C.D.Cal.)]**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I, Sherie Johnson, declare:

I am a resident of the State of California and employed in the County of San Diego, State of California. I am over the age of eighteen years, and not a party to the within action. My business address is 9404 Genesee Avenue; Suite 340; La Jolla, CA 92037. On April 16, 2008 I served a true copy of the document entitled **[PROPOSED] ORDER DENYING STEVE JOBS' MOTION FOR A PROTECTIVE ORDER TO QUASH "APEX" DEPOSITION SUBPOENA** by placing it in an overnight delivery envelope or package provided by an overnight delivery carrier and addressed as below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier on April 16, 2008:

| | | |
|---|---|---|
| Glenn D. Pomerantz, Esq. Kelly M. Klaus, Esq. Kimberly D. Encinas, Esq. MUNGER, TOLLES & OLSON LLP 355 South Grand Avenue Thirty-Fifth Floor Los Angeles, CA 90071 Attorneys for Defendants | Daniel S. Schecter, Esq. Colin B. Vandell, Esq. LATHAM & WATKINS 633 West Fifth Street; Suite 4000 Los Angeles, CA 90071 Attorneys for Non-Party Deponent Steve Jobs | George A. Riley, Esq. O'MELVENY & MYERS LLP 275 Battery Street; Suite 2600 San Francisco, CA 94111 Attorneys for Non-Party Deponent Steve Jobs |

I declare under penalty of perjury that the above is true and correct.

Executed on April 16, 2008 at La Jolla, California.

/s/ Sherie Johnson_____
Sherie Johnson