1  LATHAM & WATKINS
   DANIEL SCOTT SCHECTER (S.B. #171472) – daniel.schecter@lw.com
2  COLIN B. VANDELL (S.B. #240653)
   633 West Fifth Street, Suite 4000
3  Los Angeles, California 90071-2007
   Telephone: (213) 485-1234
4  Facsimile:  (213) 891-8763

5  GEORGE A. RILEY (S.B. #118304) – griley@omm.com
   O'MELVENY & MYERS LLP
6  Embarcadero Center West
   275 Battery Street
7  San Francisco, California 94111-3305
   Telephone: (415) 984-8741
8  Facsimile:  (415) 984-8701

9  Attorneys for Non-Party Deponent
   Steve Jobs

10

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN THE MATTER OF A DEPOSITION SUBPOENA SERVED IN:<br><br>F.B.T. PRODUCTIONS, LLC AND EM2M, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AFTERMATH RECORDS, INTERSCOPE RECORDS, UMG RECORDING, INC., and ARY, INC.,<br><br>Defendants. | Case No. 08-80040 Misc. RMW (PVT)<br><br>[Related to Case No. CV 07-3314 PSG (MANx) (C.D. Cal.)]<br><br>**REPLY IN SUPPORT OF NON-PARTY DEPONENT'S MOTION FOR PROTECTIVE ORDER TO QUASH "APEX" DEPOSITION SUBPOENA**<br><br>Date:  April 29, 2008<br>Time:  10:00 a.m.<br>Place: Hon. Patricia V. Trumbull<br>       Courtroom 5, 4th Floor<br>       280 South 1st Street<br>       San Jose, California 95113 |

## I. INTRODUCTION

In their Opposition to the Motion, Plaintiffs do not contest that Steve Jobs is an extremely busy CEO of a large multinational company and that the deposition Plaintiffs request will impose a major burden on him. Plaintiffs also concede that the only reason they wish to depose Mr. Jobs is to question him about a phrase he used in an article that does not mention or refer to the particular facts in dispute between Plaintiffs and the UMG Defendants. (Pls.' Opposition to Mot. for Protective Order at 7 (hereinafter "Opposition").) The article and Mr. Jobs's opinions, if any, relating to the contractual disputes in the underlying litigation between Plaintiffs and the UMG Defendants are entirely irrelevant. Thus, under Federal Rule of Civil Procedure 26(b)(2)(C), Plaintiffs are not entitled to such discovery from a nonparty. Moreover, the deposition Plaintiffs seek is exactly the type of discovery that the well-established "apex" doctrine is intended to foreclose. Because the burdens imposed by the requested apex deposition of a non-party clearly outweigh any potential utility, the Court should grant the Motion to Quash.

## II. ARGUMENT

### A. The Opposition Fails To Establish That Mr. Jobs's Views In The Article Have Any Relevance To The FBT Action.

Plaintiffs have failed to establish the relevance of their proposed deposition of Mr. Jobs on the opinions expressed in his article, *Thoughts on Music*. The proponent of a deposition bears the initial burden demonstrating that the discovery sought is relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1); *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, No. Civ 02-1146 JB, 2007 WL 1306560, at *3-4 (D.N.M. Mar. 12, 2007); *see also Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (necessary restrictions to prevent harassment and abuse are "broader when a nonparty is the target of discovery"). In *Thoughts on Music*, Mr. Jobs explains why Apple must use a Digital Rights Management system ("DRM") to protect content offered through the iTunes Store. (*See* Vandell Decl. Ex. E (*Thoughts on Music*).) Plaintiffs' only purported justification for deposing Mr. Jobs is his use of the term "license" in the article. (Opposition at 3 & 6.) For example, Mr. Jobs states: "Since Apple does not own or control any music itself, it must license the rights to distribute music from others, primarily the 'big four'

1

REPLY ISO NON-PARTY DEPONENT'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 08-80040 Misc. RMW (PVT)

music companies: Universal, Sony BMG, Warner and EMI."[1] But as is readily apparent, Mr. Jobs never purports to define or use the term "license" in any technical or legal sense. Nor does he offer any admissible opinion on the nature of the contractual relationships among artists, the music labels and on-line music distributors. Mr. Jobs simply uses common terminology to underscore the fact that Apple does not own the music available on iTunes. Instead, the music is owned by content providers who require a DRM system to protect their content.

Plaintiffs contend that this passing reference to "license" justifies deposing Mr. Jobs because it evidences his "*personal* views on the current status of the industry" and the "economic realities" of Apple's relationship with defendant UMG. (Opposition at 6 (emphasis in original).) But the status or economic realities of the industry have no relevance to the contract language at issue in the litigation between Plaintiffs and the UMG Defendants. *See People ex rel. Lockyer v. RJ Reynolds Tobacco Co.*, 107 Cal. App. 4th 516, 525 (2003) ("The goal of contractual interpretation is to determine and give effect to the mutual intention of the parties. . . . That intent is to be inferred, if possible, solely from the written provisions of the contract.") (internal citations omitted). If such general statements are sufficiently "relevant" to justify discovery, public figures risk being subjected to depositions in cases to which they are not parties, and of which they have no personal knowledge, every time they offer "personal views" that some party believes have a bearing on an issue in litigation. Plaintiffs have not cited any authority to support such a radical expansion of "relevance." Indeed, this position is contrary to the extensive authorities cited in support of the Motion. (*See* Mot. for Protective Order to Quash "Apex" Dep. Subpoena ("Motion") at 5-6.)

To the extent the "structure of the agreements between Apple and UMG" (Opposition at 6) has some relevance to the FBT Action, that would not be a basis for subjecting Mr. Jobs to a deposition. Even when a third-party contract arguably bears some relevance to litigation, courts have uniformly held that a nonparty's *opinion* about the contract is inadmissible and irrelevant as

---

[1] Plaintiffs cite to only one other sentence in the article where Mr. Jobs uses the term "license": "Apple has concluded that if it licenses FairPlay to others, it can no longer guarantee to protect the music it licenses from the big four music companies." (Opposition at 4.)

a matter of law.  *See, e.g.*, *Morrow v. L.A. Unified Sch. Dist.*, 149 Cal. App. 4th 1424, 1444-45 (2007); *Medmarc Cas. Ins. Co. v. Arrow Int'l, Inc.*, No. CIV A 01 CV 2394, 2002 WL 1870452, at *6 (E.D. Pa. July 29, 2002) (denying discovery of agreements between defendant and a third party on the ground that they were irrelevant to the interpretation of the contract between the plaintiff and defendant) (citation omitted); *see also Quan v. Truck Ins. Exch.*, 67 Cal. App. 4th 583, 601-02 (1998) (holding that "opinion evidence" is "completely irrelevant" to interpret a contract); *Pac. Indem. Co. v. Fireman's Fund Ins. Co.*, 175 Cal. App. 3d 1191 (1986) (quoting *Fireboard Paper Prods. Corp. v. E. Bay Union of Machinists*, 227 Cal. App. 2d 675, 709-10 (1964)) (collecting cases) (same).  Because the discovery sought by Plaintiffs is not relevant to their claims in the FBT Action, the proposed deposition is impermissible under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(b)(1).

**B.      Federal Rules Of Civil Procedure 26 And 45 Require That Plaintiffs' Deposition Subpoena Of A Nonparty Be Quashed.**

Plaintiffs' Opposition ignores entirely the law limiting nonparty discovery.  Federal Rule of Civil Procedure 45(c)(3)(A)(iv) requires a court, on timely motion, to quash a deposition subpoena that "subjects a person to undue burden."  *See also* Fed. R. Civ. P. 26(b)(2)(C)(iii) (the court "must limit" discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit").  A deponent's "nonparty status" must be considered in assessing the burden imposed by the proposed discovery.  *See Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).  The "'necessary' restriction [on discovery] may be broader when a nonparty is the target of discovery."  *Dart Indus. Co.*, 649 F.2d at 649.  As set forth above, the discovery Plaintiffs seek from Mr. Jobs is irrelevant.  Therefore, the potential benefit of the proposed deposition is clearly outweighed by the burden it would impose on Mr. Jobs.  Thus, the Motion for a Protective Order should be granted.

### C. Plaintiffs Have Failed To Meet The Standard For An "Apex" Deposition.

#### 1. Mr. Jobs Does Not Have Unique, Nonrepetitive Knowledge Relevant To The FBT Action.

Mr. Jobs's deposition in the FBT Action is also foreclosed by the apex doctrine. The Opposition fails to distinguish the long line of cases holding that a civil litigant is not entitled to depose an officer at the "apex" of corporate management unless it first establishes that the apex deponent has relevant, unique and non-repetitive knowledge. *See, e.g.*, *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995). Plaintiffs have failed to meet this burden. Plaintiffs' suggestion that they satisfy this burden because Mr. Jobs did not submit a personal declaration is unavailing. (*See* Opposition at 7.) Plaintiffs cite no case law to support this argument. Indeed, Plaintiffs, not Mr. Jobs, bear the burden of establishing the relevance of the deposition. *Trujillo*, 2007 WL 1306560, at *3-4. Plaintiffs cannot meet this burden because Mr. Jobs's views, if any, on any aspect of the contractual relationships in dispute are irrelevant as a matter of law.

#### 2. Plaintiffs Have Failed To Show That They Have Exhausted Less Intrusive Methods Of Obtaining The Information.

Plaintiffs have also failed to demonstrate that they cannot acquire any relevant information regarding the legal relationship between UMG and Apple through less intrusive methods. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). There is no dispute that the proposed deposition imposes a major burden on Mr. Jobs, whose extremely demanding schedule includes overseeing the day-to-day operations of Apple as its CEO and serving as a Director of both Apple and the Walt Disney Company. There is no dispute that Mr. Jobs is the type of high-level official at the "apex" of corporate management to whom the apex doctrine applies. *See Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985); *Liberty Mut. Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 1287-88 (1993). *See also Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir. 1979) ("heads of agencies are not normally subject to deposition"). Therefore, Plaintiffs must demonstrate that they have made "a good faith effort to extract the information" they seek from

less burdensome sources before they have any justification for deposing Mr. Jobs. *Celerity*, 2007 WL 205067, at *5.

Plaintiffs did not explore any alternative sources of information before attempting to depose Mr. Jobs. As demonstrated above, even if the contractual relationship between Apple and UMG had some relevance to the FBT Action – which it does not – the only permissible source of evidence would be the written agreements between Apple and UMG. *Lockyer*, 107 Cal. App. 4th at 524-25. Before Plaintiffs subpoenaed Mr. Jobs, Apple offered to provide Plaintiffs with those contracts. Rather than agree to review the agreements first, Plaintiffs refused the offer and served the deposition subpoena during the meet and confer process. Thus, there is no question that Plaintiffs have not explored, much less exhausted, other less intrusive means for obtaining the desired information. *See* Fed. R. Civ. P. 26(b)(2)(i), (ii); *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979).

Plaintiffs' reliance on *Grateful Dead Productions v. Sagan* to support their discovery demand is misplaced. No. C06-7727 (JW) PVT, 2007 WL 2155693 (N.D. Cal. July 26, 2007). In *Grateful Dead*, this Court denied the parties' stipulated request to shorten time to hear a motion for protective order regarding the depositions of two corporate officers of the plaintiff. 2007 WL 2155693, at *1. The Court found that the plaintiff delayed unreasonably before seeking relief and that the underlying motion appeared to be without merit. *Id*. The Court noted that the defendants had raised proper, disputed issues of fact regarding the relevancy and personal knowledge of the plaintiffs' corporate officers. *Id*. at *1 & n.5 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976)). Here, by contrast, Plaintiffs seek an apex deposition of a nonparty to elicit testimony that is, as a matter of law, irrelevant to the underlying issues. Mr. Jobs did not delay in seeking relief and it is undisputed that the proposed deposition imposes an immense burden on him. Therefore, subjecting him to a deposition in an action to which he is not a party and of which he has no unique personal knowledge is unjustified.

### 3. Plaintiffs' Demand To Depose Mr. Jobs Demonstrates A Clear Potential For Harassment.

Plaintiffs' conduct strongly suggests that their primary motivation in seeking Mr. Jobs's deposition is to harass Apple. As set forth in the Motion, Plaintiffs served the deposition subpoena in apparent retaliation for Apple's perceived failure to acquiesce to Plaintiffs' overbroad discovery demands. In their Opposition to the Motion, Plaintiffs argue that there is no potential for abuse because Apple and Mr. Jobs are not parties and thus the deposition "could not serve such a [harassing] purpose." (Opposition at 9.) This argument simply ignores Plaintiffs' punitive purpose in seeking Mr. Jobs's deposition after Apple refused to accede to their unreasonable document requests. The Court should not let Mr. Jobs's deposition proceed in the face of such clear potential for harassment.

## III. CONCLUSION

For all of the foregoing reasons as well as those set forth in Mr. Jobs's Motion, the Court should grant the Motion and issue a protective order quashing the deposition subpoena.

DATED: April 23, 2008

GEORGE A. RILEY
O'MELVENY & MYERS LLP

By: *George Riley* /s/
George A. Riley
Attorneys for Non-Party Deponent Steve Jobs

SF1:712832

- 6 -

REPLY ISO NON-PARTY DEPONENT'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 08-80040 Misc. RMW (PVT)