1  LATHAM & WATKINS
   DANIEL SCOTT SCHECTER (S.B. #171472)
2  COLIN B. VANDELL (S.B. #240653)
   633 West Fifth Street, Suite 4000
3  Los Angeles, California 90071-2007
   Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  GEORGE A. RILEY  (S.B. #118304)
   O'MELVENY & MYERS LLP
6  Embarcadero Center West
   275 Battery Street
7  San Francisco, California  94111-3305
   Telephone: (415) 984-8700
8  Facsimile: (415) 984-8701

9  Attorneys for Non-Party Deponent
   Steve Jobs

10
                    **UNITED STATES DISTRICT COURT**
11
                    **NORTHERN DISTRICT OF CALIFORNIA**
12
                              **SAN JOSE DIVISION**
13

| | |
|---|---|
| IN THE MATTER OF A DEPOSITION SUBPOENA SERVED IN:<br><br>F.B.T. PRODUCTIONS, LLC AND EM2M, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>AFTERMATH RECORDS, INTERSCOPE RECORDS, UMG RECORDING, INC., and ARY, INC.,<br><br>        Defendants. | Case No.08-80040 Misc. RMW (PVT)<br><br>[Related to Case No. CV 07-3314 PSG (MANx) (C.D. Cal.)]<br><br>**NON-PARTY'S RESPONSES TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO QUASH "APEX" DEPOSITION SUBPOENA**<br><br>Date:  April 29, 2008<br>Time:  10:00 a.m.<br>Place: Hon. Patricia V. Trumbull<br>       Courtroom 5, 4th Floor<br>       280 South 1st Street<br>       San Jose, California 95113 |

## I.     INTRODUCTION

Plaintiffs have objected to one paragraph in the declaration of Kevin Saul in support of the Motion for a Protective order. As set forth more fully in the Reply memorandum filed herewith, the Motion should be granted without resort to this paragraph because Plaintiffs have not met the heavy burden required to proceed with an apex deposition of a non-party. For the reasons set forth below, however, the challenged paragraph is admissible and the Court should overrule the objections.

## II.     RESPONSES TO SPECIFIC OBJECTIONS

Plaintiffs' objections to the declaration of Kevin Saul have no merit. Plaintiffs only object to one paragraph of the declaration, Paragraph 17, which provides:

> *Thoughts on Music* is intended for a popular audience. The essay does not constitute a legal opinion or analysis of contractual rights and obligations. It does not discuss the FBT action, the UMG agreements or any other agreements between artists and record companies. Nor does it analyze the structure of agreements between record labels and digital service providers. (Ex. E.).

Plaintiffs contend that Mr. Saul is without personal knowledge of the facts set forth in Paragraph17, and to the extent the paragraph is "based on a statement heard by the declarant and offered for the truth of the matters asserted . . . it is hearsay not subject to an exception." (Pl. Objections to Evidence ("Pl. Evid. Obj.") at p. 1.) However, the statements in ¶ 17 are observations by Mr. Saul, reasonably perceived based on his personal knowledge of the *Thoughts on Music* article and its placement on the public iTunes website. *See* FRE 602 and Comments thereto (noting that a percipient witness may testify "to a fact which can be perceived by the senses"). Thus, Plaintiffs' objections are meritless.

Plaintiffs' hearsay objection is similarly unfounded. Mr. Saul's testimony is not based on hearsay nor does it include any hearsay statements in contravention of FRE 801 *et seq*. That *Thoughts on Music* was intended for a popular audience is manifested by its subject matter, its content and the fact that Mr. Jobs posted it on a public website. (*See, e.g.*, Vandell Decl. Ex. E (*Thoughts on Music*) ("Perhaps those unhappy with the current situation should redirect their energies towards persuading the music companies to sell their music DRM-free.").) Similarly,

anyone who reads *Thoughts on Music* would reasonably perceive that it is not a legal opinion, nor is it an analysis of the contractual rights of the record labels or the digital content providers. The opening paragraph of the essay sets forth its purpose clearly: to "examine the current [DRM] system and how we got here, and then look at three possible alternatives for the future." *Id.*

Finally, Plaintiffs' argument that Mr. Jobs "is trying to avoid testifying at all costs" and "would like to substitute the testimony of an in-house attorney at Apple for his own" is not an evidentiary objection. It provides no basis for excluding the proffered declaration. To the extent Plaintiffs contend that they should be permitted to depose Mr. Jobs because he failed to provide a personal declaration, they are wrong as a matter of law. As set forth in the Motion and Reply, Plaintiffs have failed to establish that the evidence they seek by deposing Mr. Jobs is relevant to the FBT Action. (Reply In Support of Non-Party Deponent's Motion for Protective Order, at p. 3.) *See People ex rel Lockyer v. RJ Reynolds Tobacco Co.*, 107 Cal. App. 4th 516, 525 (2003) ("The goal of contractual interpretation is to determine and give effect to the mutual intention of the parties. . . . That intent is to be inferred, if possible, solely from the written provisions of the contract.") (internal citations omitted). Moreover, the burden imposed by the proposed deposition of Mr. Jobs outweighs any potential utility and is foreclosed by the "apex" doctrine. Thus, there is no justification for permitting Plaintiffs to take Mr. Jobs's deposition.

Dated: April 23, 2008

GEORGE RILEY
O'MELVENY & MYERS LLP

By: *George Riley* /s/_____
George Riley
Attorneys for Non-Party Deponent Steve Jobs