UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| F.B.T. Productions, LLC, et al., <br>              Plaintiffs, <br>    v. <br> AFTERMATH RECORDS, et al., <br>              Defendants. | Case No.: C 08-80040 RMW (PVT) <br><br> **ORDER DENYING NON-PARTY STEVE JOBS' MOTION TO QUASH SUBPOENA** |

On April 29, 2008, the parties and non-party Steve Jobs ("Jobs") appeared before Magistrate Judge Patricia V. Trumbull for hearing on Jobs' motion to quash.[1] Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Jobs' motion to quash is DENIED, however in light of the narrow subject matter of the deposition sought, the court finds it appropriate to limit the duration of the deposition to two hours.

Jobs has not shown that appearing for deposition would impose an undue burden on him that would warrant quashing the subpoena entirely. "A strong showing is required before a party will be denied entirely the right to take a deposition." *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

(9th Cir. 1975) (district court erred in granting protective order ordering plaintiff not to depose Herald-Examiner's publisher when plaintiff suggested possible information publisher might have that others did not). Here, although one of Apple's in-house counsel has submitted a declaration[2] containing conclusory assertions about Jobs having a "busy" schedule, there is no declaration that states *specific facts* from which the court could conclude that it would be unduly burdensome for Jobs to appear for a short deposition.[3] Absent at least *some* actual showing of undue burden, there is no legal authority for requiring Defendants to use purportedly less burdensome means of obtaining the discovery before allowing "apex" depositions. *See* FED.R.CIV.PRO. 26(c) (authorizing protection from *undue* burden "for good cause shown").

Protection from "apex" depositions is particularly inappropriate where, as here, it appears that the deponent may have first-hand knowledge of a relevant fact.[4] Plaintiffs assert, and Jobs does not deny, that Jobs himself executed the original agreement between Apple and Defendant UMG Recordings, Inc. (the "iTunes Agreement"). The nature of the iTunes Agreement is relevant to the present litigation, because the contract at issue in this litigation provides for different royalty rates depending on whether the recordings covered by the contract are sold or licensed. Contrary to Jobs' argument, there *are* situations in which a contracting party's subjective understanding may be

---

[2] Plaintiffs objected to Paragraph 17 of Saul's declaration on the grounds that it is not based on Saul's personal knowledge, and that, to the extent it is based on statements by others, it is hearsay. Jobs responded that the passage is based on Saul's own observation of the essay itself and its placement on the public iTunes website. The court sustains Plaintiffs' objections, and strikes Paragraph 17 from the declaration. This court's Local Rule 7-5(b) prohibits inclusion of conclusions or argument in declarations, and provides that such declarations may be stricken in whole or in part. Saul's assertions are not factual evidence, they are merely conclusions and argument based on speculation about Jobs' "intent" in writing the article (only Jobs has personal knowledge of his intent).

[3] Jobs himself did not submit any declaration setting forth any facts that demonstrate that appearing for a short deposition would unduly interfere with his ability to fulfill his work obligations.

[4] Because of the potential for abuse, courts do sometimes protect high-level corporate officers from depositions when the officer has no first-hand knowledge of relevant facts or where the testimony would be repetitive. *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979). However, where a corporate officer may have *any* first hand knowledge of relevant facts, the deposition should be allowed. *See Blankenship*, 519 F.2d at 429; *see also, Anderson v. Air West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976) (approving denial of Howard Hughes' motion for protective order because he "probably had some knowledge" regarding the substance of the plaintiffs' claims). Further, a claimed lack of knowledge or recollection does not provide sufficient grounds for a protective order, because the opposing party is entitled to test that lack of knowledge or recollection. *See Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974); and *Travelers Rental Co., Inc.*, 116 F.R.D. 140, 143 (D. Mass. 1987).

1 | relevant to the interpretation of a contract. *See, e.g.,* CAL.CIV.CODE, § 1649 ("If the terms of a
2 | promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the
3 | promisor believed, at the time of making it, that the promisee understood it.")
4 |   Jobs' *Thoughts on Music* essay provides at least some reason to believe that Jobs understood
5 | the nature of iTunes Agreement to be a license rather than a sale. Under all the circumstances, the
6 | court finds it appropriate to allow the deposition, but to limit it to two hours. *See* FED.R.CIV.PRO.
7 | 26(b)(2)(c)(iii).
8 | Dated: *5/1/08*

                 PATRICIA V. TRUMBULL
                 United States Magistrate Judge